**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY WALLS, | ) | |
| Plaintiff, | ) | 1:10-cv-2542 |
| | ) | |
| v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | JURY DEMANDED |

## COMPLAINT

## INTRODUCTION

1.     The defendant debt collector called plaintiff Ashley Walls on her cell phone more than 35 times using an autodialer and/or prerecorded message.  Plaintiff has preserved several of the voice mail messages NCO left for her.

2.     Upon information and belief, NCO was attempting to call some person other than plaintiff.  The illegal calls persisted, however, despite the fact that plaintiff's outgoing voice mail message states that the caller has reached "Ashley Walls."  The person or persons  NCO was trying to call was not named Ashley Walls.

3.     Plaintiff seeks statutory damages for each violation pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b); statutory and actual damages under the air Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"); and actual and punitive damages under a common law invasion of privacy theory.

**JURISDICTION AND VENUE**

4.      This Court has federal question subject matter jurisdiction over the FDCPA claims and the TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k; *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).  There is also supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims, and the TCPA claims, if necessary.

5.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

6.      Plaintiff is an individual who reside in this district.

7.      NCO Financial Systems, Inc. ("NCO") is a debt collection agency that does business in this District.  Its registered agent in Illinois is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**FACTS**

8.      Defendant has made more than 35 telephone calls to plaintiff's cellular telephone.  Upon information and belief, NCO attempted at least thirty-eight such calls.  The telephone plan is in plaintiff's stepfather's name, and is part of a multi-line "family plan." Plaintiff carried the phone at all relevant times herein, and was the person subjected to the defendant's violations.

9.      Upon information and belief, NCO used a telephone system whereby no human being dialed plaintiff's telephone number to make the calls.  That system is referred to herein as the "dialer."

10.      Some or all of the calls to each plaintiff were made with one of NCO's dialers.

2

11.     For some or all of those calls, NCO left or attempted to leave voice mail messages.  Plaintiff has preserved recordings of some of those voice mail messages.

12.     Upon information and belief, NCO was calling plaintiff's cell phone in attempts to contact one or more persons other than plaintiff.

13.     At all relevant times, plaintiff's outgoing voice mail message stated that the caller had reached "Ashley Walls."  NCO continued to call, despite this.

14.     NCO uses its dialers and prerecorded messages in order to increase efficiency.

15.     NCO programmed its dialer to dial plaintiff's phone number, even though it may, or may not, have known specifically who was receiving the calls.  In this sense, NCO intended to place the calls that are the subject of this lawsuit.  Similarly, NCO intended that its dialer(s) leave voice mail messages on the voice mail of the person using plaintiff's cell phone number.  All of the voice mails that NCO's dialer left on plaintiff's voice mail were "automated" in the sense that they had been recorded previously, and NCO's dialer played the recording.

16.     The TCPA does not restrict calls to cell phones that are dialed by humans, and where humans are present on the line when the person called (or his voice mail) picks up.  In continuing to use its dialers, NCO puts law-abiding debt collection agencies at a competitive disadvantage.  These illegal systems are vastly more efficient and powerful than having a human being dial phone numbers, and having human beings leave voice mail messages.  However, the systems have drawbacks, too.

17.     Plaintiff is a case-in-point:  had a human being been on the line to listen to plaintiff's outgoing voice mail message, NCO would have known that it was calling the wrong telephone number, and would be subject to substantially less liability in this case.

18.     Instead, NCO had its dialer, which is not capable of interacting with debtors or their voice mail systems, make the calls.  As a result of plaintiff's outgoing voice mail message, NCO should have known after the first call that it was calling the wrong person.

19.     Plaintiff suffered damages as a result of NCO's violations alleged herein.

20.     Plaintiff attempted to resolve this action pre-suit, and was not able to do so.

**COUNT I – TCPA**

21.     Plaintiff incorporates all paragraphs of this Complaint.

22.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice."  TCPA, §227(b)(A)(iii).

23.     Defendant made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.  *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646-647 (E.D. Pa. 2006).

24.     Defendant's violations were negligent.  Alternatively and additionally, defendant's violations were willful.

25.     Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to NCO's calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

   (a)     Statutory damages of $500 per call, or up to $1500 per call if defendant's actions are found to have been willful;

4

(b)     A declaration that some or all of NCO's calls to plaintiff violated the TCPA;

(c)     An injunction against NCO making calls prohibited by the TCPA to plaintiff and declaration that NCO's calls were illegal;

(d)     Costs of suit; and

(b)     Any other relief the court finds proper.

## COUNT II – FDCPA

26.     Plaintiff incorporates all previous paragraphs of this complaint.

27.     Repeatedly calling a non-debtor using an automatic telephone dialing system and prerecorded voice message violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

(a)     Statutory, actual and punitive damages;

(b)     Attorney's fees and costs of suit; and

(c)     Any other relief the Court finds proper.

## COUNT III - Invasion of Privacy

28.     Plaintiff incorporates all previous paragraphs of this complaint.

29.     NCO's calls to plaintiff were an intentional and unreasonable intrusion upon plaintiff's seclusion.  The number and persistence of these calls, along with NCO's failure to recognize that it was calling the wrong person even though plaintiff's voice mail stated plaintiff's name, shocks the conscience.

30.     Defendant also otherwise invaded plaintiff's privacy.

31.     Plaintiff has suffered damages as a result of this invasion of privacy.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

(a)     Statutory, actual and punitive damages;

(b)     Attorney's fees and costs of suit; and

(c)     Any other relief the Court finds proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

6

## Document Preservation Demand

Plaintiff hereby demands that defendant preserve all documents, data and other things concerning plaintiff and plaintiff's cellular telephone and telephone number (which have already been supplied to NCO's national counsel), along with all documents data and things concerning its dialers and prerecorded message.

/s/Alexander H. Burke