IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Zagel |
| | ) | |
| - vs- | ) | Case No.:     10 CV 2542 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

## NCO'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant NCO Financial Systems, Inc. (NCO) by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

1.     The defendant debt collector called plaintiff Ashley Walls on her cell phone more than 35 times using an autodialer and/or prerecorded message.  Plaintiff has preserved several of the voice mail messages NCO left for her.

**Answer:     NCO denies that it uses equipment or messages subject to the Telephone Consumer Protection Act (TCPA).  NCO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 1, which has the effect of a denial.**

2.     Upon information and belief, NCO was attempting to call some person other than plaintiff.  The illegal calls persisted, however, despite the fact that plaintiff's outgoing voice mail message states that the caller has reached "Ashley Walls." The person or persons NCO was trying to call was not named Ashley Walls.

**Answer:    NCO admits only that it was not attempting to call Ashley Walls. NCO denies that any of the calls it allegedly placed to Ashley Walls were illegal. NCO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 2, which has the effect of a denial.**

3.    Plaintiff seeks statutory damages for each violation pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b); statutory and actual damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and actual and punitive damages under a common law invasion of privacy theory.

**Answer:    NCO admits that plaintiff purports to bring claims under the FDCPA, TCPA and common law, but denies any violations, wrongdoing or liability under the law and denies the allegations of ¶ 3.**

4.    This Court has federal question subject matter jurisdiction over the FDCPA claims and the TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k; *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).   There is also supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims, and the TCPA claims, if necessary.

**Answer:    NCO admits the allegations of ¶ 4 for jurisdictional purposes only.**

5.    Venue is proper because a substantial portion of the events complained of occurred in this District.

**Answer:    NCO admits the allegations of ¶ 5 for venue purposes only.**

6.    Plaintiff  is an individual who resides in this district.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 6, which has the effect of a denial.**

7.     NCO Financial Systems, Inc. ("NCO") is a debt collection agency that does business in this District.  Its registered agent in Illinois is CT Corporation System, 208 LaSalle Street, Suite 814, Chicago, IL 60604.

**Answer:     NCO admits the allegations of ¶ 7.**

8.     Defendant has made more than 35 telephone calls to plaintiff's cellular telephone.  Upon information and belief, NCO attempted at least thirty-eight such calls. The telephone plan is in plaintiff's stepfather's name, and is part of a multi-line "family plan."  Plaintiff carried the phone at all relevant times herein, and was the person subjected to the defendant's violations.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 8, which has the effect of a denial.**

9.     Upon information and belief, NCO used a telephone system whereby no human being dialed plaintiff's telephone number to make the calls.  That system is referred to herein as the "dialer".

**Answer:     NCO denies the allegations of ¶ 9.**

10.     Some or all of the calls to each plaintiff were made with one of NCO's dialers.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 10, which has the effect of a denial.**

11.     For some or all of those calls, NCO left or attempted to leave voice mail messages.  Plaintiff has preserved recordings of some of those voice mail messages.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 11, which has the effect of a denial.**

12.     Upon information and belief, NCO was calling plaintiff's cell phone in attempts to contact one or more persons other than plaintiff.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 12, which has the effect of a denial.**

13.     At all relevant times, plaintiff's outgoing voice mail message stated that the caller had reached "Ashley Walls." NCO continued to call, despite this.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 13, which has the effect of a denial.**

14.     NCO uses its dialers and prerecorded messages in order to increase efficiency.

**Answer:     NCO admits only that it uses dialers and recorded messages in part to increase efficiency.**

15.     NCO programmed its dialer to dial plaintiff's phone number, even though it may, or may not, have known specifically who was receiving the calls.  In this sense, NCO intended to place the calls that are the subject of this lawsuit.  Similarly, NCO intended that its dialer(s) leave voice mail messages on the voice mail of the person using plaintiff's cell phone number.  All of the voice mails that NCO's dialer left on plaintiff's

voice mail were "automated" in the sense that they had been recorded previously, and NCO's dialer played the recording.

**Answer:     NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations that it was calling plaintiff's cell phone, which ahs the effect of a denial.   NCO denies the remaining allegations of ¶ 15.**

16.     The TCPA does not restrict calls to cell phones that are dialed by humans, and where humans are present on the line when the person called (or his voice mail) picks up.  In continuing to use its dialers, NCO puts law-abiding debt collection agencies at a competitive disadvantage.  These illegal systems are vastly more efficient and powerful than having a human being dial phone numbers, and having human beings leave voice mail messages.  However, the systems have drawbacks, too.

**Answer:      NCO denies the allegations of ¶ 16.**

17.     Plaintiff is a case-in-point: had a human being been on the line to listen to plaintiff's outgoing voice mail message, NCO would have known that it was calling the wrong telephone number, and would be subject to substantially less liability in this case.

**Answer:     NCO denies the allegations of ¶ 17.**

18.     Instead, NCO had its dialer, which is not capable of interacting with debtors or their voice mail systems, make the calls.  As a result of plaintiff's outgoing voice mail message, NCO should have known after the first all that it was calling the wrong person.

**Answer:     NCO denies the allegations of ¶ 18.**

19.     Plaintiff suffered damages as a result of NCO's violations alleged herein.

**Answer:     NCO denies the allegations of ¶ 19.**

20.    Plaintiff attempted to resolve this action pre-suit and was not able to do so.

**Answer:        NCO admits the allegations of ¶ 20.**

### COUNT I - TCPA

21.    Plaintiff incorporates all previous paragraphs.

**Answer:        NCO re-alleges and re-avers its Answer to ¶¶ 1-20.**

22.    The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, § 227 (b)(A)(iii).

**Answer:        Paragraph 22 contains no allegations directed at NCO and is a conclusion of law to which no answer is otherwise required.  To the extent any allegations are stated against NCO, to the extent that plaintiff's allegations derogate from the language of the statute, and to the extent an answer is required, NCO denies the allegations of ¶ 22.**

23.    Defendant made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.  *Watson v. NCO Group, Inc*., 462 F. Supp. 2d 641-647 (E.D. Pa. 2006).

**Answer:        NCO denies the allegations of ¶ 23.**

24.    Defendant's violations were negligent.   Alternatively and additionally, defendant's violations were willful.

**Answer:        NCO denies the allegations of ¶ 24.**

25.     Plaintiff is entitled to have her right, status and legal relations under the TCPA relating to NCO's calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

**Answer:        NCO denies the allegations of ¶ 25.**

## COUNT II -- FDCPA

26.     Plaintiff incorporates all previous paragraphs of this complaint.

**Answer:        NCO re-alleges and re-avers its Answer to ¶¶ 1-25.**

27.      Repeatedly calling a non-debtor using an automatic telephone dialing system and prerecorded voice message violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f.

**Answer:        NCO denies the allegations of ¶ 27.**

## COUNT III – Invasion of Privacy

28.     Plaintiff incorporates all previous paragraphs of this complaint.

**Answer:        NCO re-alleges and re-avers its Answer to ¶¶ 1-27.**

29.     NCO's calls to plaintiff were an intentional and unreasonable intrusion upon plaintiff's seclusion.  The number and persistence of these calls, along with NCO's failure to recognize that it was calling the wrong person even though plaintiff's voice mail stated plaintiff's name, shocks the conscience.

**Answer:        NCO denies the allegations of ¶ 29.**

30.     Defendant also otherwise invaded plaintiff's privacy.

**Answer:        NCO denies the allegations of ¶ 30.**

31.     Plaintiff has suffered damages as a result of this invasion of privacy.

**Answer:**      **NCO denies the allegations of ¶31.**

AND NOW, in further Answer to the Complaint, Defendant NCO avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

1.      Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation is established and in the event NCO is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violations was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2.      NCO monitors relevant legal decisions affecting the collection industry. NCO has concluded, through its practices and procedures, that the FDCPA does not restrict or prohibit telephone calls to cellular telephones or otherwise require it to obtain consent from the consumer before contacting a consumer on his cellular telephone.  *See Ostrander v. Accelerated Receivables,* 2009 WL 909646 (W.D. N.Y. March 31, 2009) (the FDCPA does not prohibit the calling of a cellular telephone when the number was provided by another company and plaintiff gave no indication that he did not wish to be contacted on the cellular number provided).

3.      Alternatively, if the FDCPA does regulate the placing of telephone calls to cellular telephone numbers, NCO reasonably concluded that it had express consent to make such calls.

4.      NCO obtained the number being called, alleged to be plaintiff's cellular telephone number, from the original creditor when the account was placed with NCO.

5.      Plaintiff did not inform NCO that he did not wish to be contacted on the telephone number provided.

6.      To the extent that plaintiff did not provide consent to the calls to the cellular telephone, any violation of the FDCPA was the result of a bona fide error.

## THIRD AFFIRMATIVE DEFENSE

One or more of the counts in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Though denying that plaintiff has sustained any damages, to the extent plaintiff can establish that she has sustained any damages, plaintiff has failed to mitigate those damages by either answering one of NCO's calls, or by returning NCO's calls to advise NCO that they were allegedly calling the wrong party.

WHEREFORE, Defendant NCO respectfully requests that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay

reasonable attorney's fees and costs for NCO, and for all other general and equitable

relief.


                              Respectfully submitted,


                              /s/ James K. Schultz
                              Attorney for Defendant NCO


James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail:  jschultz@ sessions-law.biz

Attorney for Defendant NCO Financial Systems, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of June, 2010, a copy of the foregoing Answer and Amended Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

      Alexander H. Burke
      BURKE LAW OFFICES, LLC
      155 N. Michigan Ave., Suite 732
      Chicago, IL 60601
      (312) 729-5288
      (312) 729-5289 (fax)
      ABurke@BurkeLawLLC.com

               /s/ James K. Schultz
               Attorney for Defendant NCO