IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Zagel |
| | ) | |
| - vs- | ) | Case No.:     10 CV 2542 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

## NCO FINANCIAL SYSTEMS, INC.'S REPLY IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this reply in support of its Cross Motion for Summary Judgment and in response to the opposition filed by plaintiff, Ashley Walls. The Court should dismiss plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

The issues have been thoroughly briefed. NCO adds the following in addition to what has already been presented:

### A. NCO's Calls Were Made With Consent

Plaintiff improperly confuses the standing issue with the consent defense. NCO recognizes Judge Kocoras recently ruled:

> The TCPA uses the term "called party" when setting forth an exception and states that a person does not violate the TCPA if the call is made with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). *Significantly, the term "called party" is only used in the exception to the statute and does not define who may sue under the statute.* Thus, Plaintiff need not be a "called party" to assert a TCPA claim.

*D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 791

F.Supp.2d 622, 625 (N.D. Ill. 2011) (emphasis added). To be sure, Judge Kocoras' ruling does *not* relate to the consent defense. Even if plaintiff has standing to assert her TCPA claims, the consent defense may apply to defeat liability – and indeed the defense does defeat liability here.

A cell phone call does *not* violate the TCPA if the call is "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Ignoring applicable and controlling rules from the Federal Communications Commission ("FCC") and relying on *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681 (N.D. Ill. 2011), plaintiff continues to argue the phrase "called party" in § 227(b)(1)(A) means "actual recipient" of the call.[1] According to plaintiff, the TCPA consent defense is inapplicable, unless the caller can establish the "actual recipient" of the call consented to receive the call. If the Court accepted plaintiff's interpretation of the TCPA consent defense, a wide-range of governmental agencies and businesses would face significant TCPA liability *even when they intend to comply with the law in good faith.*[2] This is so because a caller will never know when a number will be "recycled" and given to someone else, or a call will be answered by someone other than the intended recipient of the call. Simply stated, the TCPA consent defense cannot be based upon the happenstance of who answers the call. The TCPA consent defense should *not* depend on whether a relative, neighbor, or

---

[1] Except for *Soppet*, all of the cases plaintiff cites are inapposite and do *not* relate to the consent defense; instead, they relate to whether the plaintiff has standing—a separate and distinct issue.

[2] The "laundry list" of affected governmental agencies, businesses, and persons will be extensive and include, but not be limited to: local and state schools and universities; federal agencies, such as F.E.M.A., I.R.S., and Department of Education; doctors, physicians, dentists, and pharmacists; researchers and political candidates; banks, lending and financial institutions, and creditors; and all of their agents, independent contractors, and debt collectors.

other unintended recipient answers the call. Interpreting the phrase "called party" in § 227(b)(1)(A) as "intended recipient of the call" resolves the practical problem of "recycled" cell phone numbers and unintended recipients and addresses the public policy concerns expressed in the jurisprudence regarding prevention of good faith violations of the law. Most importantly, such an interpretation of the TCPA consent defense is in accord with the 2008 FCC order.

Further, plaintiff's reliance on *Soppet* is improper. *Soppet* is not controlling. After denying the defendant's summary judgment motion in *Soppet*, Judge Kennelly granted the defendant's petition to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), concluding "reasonable minds could differ" regarding whether there was consent for making the calls. *See Soppet v. Enhanced Recovery Co.*, Case No. 1:10-cv-05469 (Sept. 27, 2011). On December 8, 2011, the Seventh Circuit granted the petition for leave to appeal. Currently, the matter and issue remains before the Seventh Circuit for briefing.

The undisputed record evidence establishes NCO had consent to call the 0113 number. St. Joseph's Health Center ("St. Joseph") retained NCO to collect a debt. SAMF, ¶ 20. The debt was owed by "Jessica Derossett" to St. Joseph. SAMF, ¶¶ 18-19. In May 2005, when Ms. Derossett was treated at St. Joseph, she provided the 0113 number as a contact number at which she could be reached. SAMF, ¶¶ 18 & 23. When St. Joseph placed the account with NCO, St. Joseph identified the 0113 number as the "home" number at which Ms. Derossett could be reached. SAMF, ¶ 22. NCO called the 0113 number in an attempt to reach Ms. Derossett. SAMF, ¶ 26. In light of these

undisputed facts, Ms. Derossett is the "called party" for purposes of analyzing the consent defense. Considering Ms. Derossett provided the 0113 number to St. Joseph (the creditor) as a contact number on her account, NCO had consent to call the number on behalf of St. Joseph. As the FCC has ruled, "autodialed and prerecorded message calls *to wireless numbers provided by the called party* in connection with an existing debt are made with the 'prior express consent' *of the called party*[.]" *In re TCPA*, 23 FCC Rcd. 559, 564 at ¶ 9 (emphasis added).

In *Anderson v. AFNI, Inc.*, 2011 WL 1808779 (E.D. Pa. 2011), the court explained how the TCPA consent defense applies when a call is received by someone other than the intended recipient, as occurred here. The plaintiff, Tara Anderson, was the victim of an identity thief, Tara Sampson. After receiving several calls for debts she did not owe, the plaintiff filed a lawsuit asserting, *inter alia*, a TCPA landline claim.[3] In response, the defendant filed a summary judgment motion, arguing the plaintiff lacked standing to assert her TCPA claim. The court disagreed and rendered a decision explaining the relationship between the standing issue and consent defense:

> If we assume that the term "called party" is synonymous with "intended recipient" . . . , we nonetheless do not believe that granting standing to persons other than "called parties" [*i.e.*, intended recipients] does any violence to the statute itself or to its application in practice. After all, the exception for calls "made with the prior express consent of the called party" can operate to protect a defendant from liability even if someone other than the "called party" [*i.e.*, intended recipient] seeks to bring suit. Here, for instance, [the defendant] could conceivably claim that it had the prior

---

[3] The TCPA landline provision imposes certain limitations regarding calling residential telephone lines with an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(B). Like the cell phone provision at issue here, the landline provision contains an exception for calls made with the "prior express consent of the called party." *Id.*

express consent of Sampson [the identity thief and intended recipient of the defendant's calls] even though it is Anderson [the plaintiff and actual recipient of the defendant's calls] who brings this case.

*Anderson*, 2011 WL 1808779 at *8 (emphasis added).

Under the *Anderson* court's rationale, an actual recipient of an autodialed call has statutory standing to pursue a TCPA claim. However, the TCPA consent defense shields the defendant from liability if the company can prove it had the consent of the intended recipient to make the call. As the *Anderson* court ruled, "the exception for calls 'made with the prior express consent of the called party' can operate to protect a defendant from liability even if someone other than the 'called party' [*i.e.*, intended recipient] seeks to bring suit." *Id.* Again, that is precisely the circumstance presented here. Although NCO's calls were allegedly received by plaintiff, NCO is shielded from liability under the TCPA because NCO had the consent of the "called party," Ms. Derossett, to make the calls. Further, the consent (*which is tied to the 0113 number called*) was never withdrawn or revoked *by anyone* prior to NCO making the calls.[4] The Court, therefore, should grant NCO's summary judgment motion.

**B. NCO Did Not Call Plaintiff With An "Artificial Or Prerecorded Voice"**

Throughout her opposition, plaintiff uses the phrase "prerecorded messages." The TCPA does not restrict the use of "prerecorded messages;" instead, the TCPA restricts

---

[4] NCO's interpretation of the consent defense does *not* mean actual recipients of autodialed cell phone calls are without protection. If the person answering the phone call wants the calls to stop, then she should simply ask the person calling to stop. Upon receipt of such a request, the consent tied to the number would be withdrawn and revoked and any future calls to the number would be without consent and subject the person making the call to liability. In other words, under NCO's interpretation of the consent defense, a debt collector would be required to honor *all* withdrawals and revocations of consent, even if the withdrawal or revocation came from someone other than the intended recipient of the call.

the use of an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's use of the phrase "prerecorded messages" is misleading and improper. Contrary to plaintiff's argument, the *type of message* left is *not* determinative of whether the *call was made* with an "artificial or prerecorded voice."

"A call made by an artificial or prerecorded voice has *no potential for a real time voice intercommunication.*" *Joffe v. Acacia Mortg. Corp.*, 211 Ariz. 325, 330, 121 P.3d 831, 836 (Ariz. Ct. App. 2005) (emphasis added). In other words, a call made with an "artificial or prerecorded voice" is made with a recording and will not result in speaking with a person. The industry refers to these calls as "blast messages," where a recording is played *even if a person answers the call*. Plaintiff has *not* presented any evidence that the calls at issue were made with "blast messages," nor could she because all of the calls provided for the possibility of "a real time voice intercommunication"—if plaintiff had answered the calls, she would have spoken to an individual collector and no message would have been left. The Court should grant NCO's summary judgment motion.

## C. NCO Did Not Call Plaintiff With An "Automatic Telephone Dialing System"

The FCC has ruled an "automatic telephone dialing system" is equipment that can make a call "without human intervention." *In re TCPA*, 18 FCC Rcd. 14014, 14092 at ¶ 132. Plaintiff has failed to produce any evidence that NCO called her on equipment that can make a call "without human intervention."

Realizing she failed to file any evidence regarding whether NCO's equipment is subject to the TCPA, with sleight of hand, plaintiff attempts to introduce an affidavit and deposition from another lawsuit, entitled *Alan Donnelly v. NCO Financial Systems, Inc.*

Plaintiff's use and reliance upon the *Donnelly* affidavit and deposition is improper for 2 reasons. First, the affidavit and deposition cannot be used per Fed. R. Civ. P. 32(a)(8) because the parties in the *Donnelly* action and current action are *not* the same. Second, even assuming the *Donnelly* affidavit and deposition could be used, plaintiff has failed to create the proper foundation to show the testimony from the *Donnelly* affidavit and deposition applies in this case. Said another way, ***plaintiff has not shown that the testimony elicited in Donnelly relates to the same equipment at issue in this case***.

The undisputed record evidence shows some of the calls were manual, and some were dialer. SAMF, ¶¶ 7 & 12. The calls were made through a Soundbite dialer, or GC dialer. *Id.* As to the Soundbite dialer, plaintiff has not conducted any discovery regarding the capabilities of the dialer. SAMF, ¶ 9. Plaintiff has not produced any evidence that the dialer has the capability to dial telephone numbers without human intervention. *Id.*

As to the GC dialer, the testimony of Greg Stevens establishes the dialing of numbers can*not* be done without human intervention, regardless of what mode the dialer is in. SAMF, ¶ 8. As in *Dobbin v. Wells Fargo Auto Finance, Inc.*, 2011 WL 2446566, *4 (N.D. Ill. 2011), plaintiff fails "to provide any evidence that [NCO] called [her] using equipment that meets the statutory definition [of automatic telephone dialing system]."

**D. Plaintiff Is Not Entitled To Treble Damages Under The TCPA**

NCO did *not* violate the TCPA at all. However, to the extent the Court rules otherwise, plaintiff is not entitled to treble damages under the TCPA for two reasons. First, the undisputed record evidence establishes NCO never intended to call plaintiff.

Considering this fact, NCO's actions cannot be deemed "willful" or "knowing" to trigger potential treble damages. *See* 47 U.S.C. § 227(b)(3) ("If the court finds that the defendant willfully or knowingly violated this subsection . . . , the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."). Second, even if treble damages could be awarded here, this is not an appropriate case for the Court to exercise its discretion and award such damages. *See Sengenberger v. Credit Control Services, Inc.*, 2010 WL 6373008, *1 (N.D. Ill. 2010) ("The award of treble damages is at the discretion of the court.").

## <u>CONCLUSION</u>

Considering the foregoing, the Court should deny plaintiff's Motion for Summary Judgment, grant NCO's Cross Motion for Summary Judgment, and dismiss plaintiff's TCPA claims with prejudice and at plaintiff's cost.

Respectfully submitted,


/s/ James K. Schultz
Attorney for NCO Asset Management, Inc.

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe St., Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on December 13, 2011, a copy of the foregoing memorandum was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com


/s/ James K. Schultz
Attorney for NCO Financial Systems, Inc.

\\sfnfs02\prolawdocs\6947\6947-25938\Walls, Ashley\627659.doc

10