Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-2542 | **DATE** | January 20, 2012 |
| **CASE TITLE** | Walls v. NCO Financial Systems, Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for summary judgment [10] and Defendant's cross motion for summary judgment [22] are entered and continued. Motion to stay proceedings [37] is granted. The case is stayed pending the Seventh Circuit's deciding *In re Enhanced Recovery Company, LLC* (U.S.C.A. Docket No: 11-8025). Notice of motion hearing 1/24/2012 and status hearing set for 1/26/2012 is stricken.

## STATEMENT

This is a case involving alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Before the court is Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment. After reviewing the arguments of both sides, I believe the dispositive issue in this case is whether the words "called party" contained in 47 U.S.C. § 227(b)(1)(A)'s liability exception refer to the intended or actual call recipient. Because this very question is pending before the Seventh Circuit in *In re Enhanced Recovery Corp.* (11-8025), a case with strikingly similar facts to the instant matter, I am staying this litigation until that case is decided.

Defendant makes a number of other arguments as to why it is entitled to summary judgment, all of which I reject. First, Defendant argues that the TCPA does not apply to debt collectors. This is wrong. The FCC has ruled that calls that calls "solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 paragraph 11 (January 2, 2008). However, this means only that "calls regarding debt collection or to recover payments are not subject to the TCPA's *separate* restrictions on 'telephone solicitations'"–but they are still subject to § 227(b)(1)(A)(iii)'s prohibition on the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. *Id* (emphasis added). That is because § 227(b)(1)(A)(iii)'s prohibition "applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'" *Id*.

Ultimately, the extent to which § 227(b)(1)(A)(iii) can reach debt collectors depends on the meaning of "called party". This is because the FCC has ruled that for creditor calls, "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number

## STATEMENT

was provided during the transaction that resulted in the debt owed." *Id*. at paragraph 10. Thus, if "called party" means the intended call recipient, and the intended call recipient is the consumer, and the consumer provided the wireless number during the transaction that resulted in the debt owed, then the creditor would not be liable under the TCPA. But Defendant's sweeping assertion that the TCPA "does not apply" to debt collectors cannot be right because 1) the meaning of "called party" is currently unresolved; and 2) it does not account for situations in which either the creditor obtained the consumer's wireless number by independent means (i.e. not provided by the consumer), or the consumer provided the wireless number at some point other than during the transaction that resulted in the debt owed. And the fact that the FDCPA is designed specifically to eliminate abusive debt practices does not mean that the TCPA cannot reach creditor calls–Congress frequently provides multiple and overlapping causes of action against conduct it seeks to curb.

Second, Defendant argues that Plaintiff does not have standing to assert her TCPA claims because she is not the intended recipient. At least three other judge's in this district have considered and rejected this argument, and I adopt their sound reasoning unless and until the Seventh Circuit says otherwise. *See Soppet v. Enhanced Recovery Co.*, No. 10 C 5469, 2011 WL 3704681, at *1 (N.D.Ill. Aug. 21, 2011); *Tang v. Medical Recovery Specialists, LLC*, No. 11 C 2109, slip op. at 3 (N.D.Ill. July 7, 2011); *D.G. ex rel. Tang v. William W. Siegel & Assocs.*, No. 11 C 599, 2011 WL 2356390, at *2 (N.D.Ill. June 14, 2011).

Finally, Defendant argues that Plaintiff has not provided any evidence that Defendant's calls were made with an Automatic Telephone Dialing System ("ATDS") or with a pre-recorded or artificial voice. While I agree that Mr. Stevens' deposition from prior litigation against a different party is inadmissible under Fed. R. Civ. Pro. 32(a)(8), Plaintiff does not need this testimony to make the required showing. Mr. Stevens' deposition in this lawsuit–specifically pages 6-13–is sufficient to show Defendant used technology with the capacity to 1) store or produce telephone numbers to be called, using a random or sequential number generator; and 2) dial such numbers. The fact that a human being is standing by to "manage the campaign" makes no difference.